UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

*IN RE: HOTEL TVPRA LITIGATION*

**Chief Judge Algenon L. Marbley**
**Magistrate Judge Elizabeth Preston Deavers**

**THIS DOCUMENT RELATES TO:**

<u>In re Hotel TVPRA Litigation Cases</u>: 2:22-cv-1924; 2:22-cv-2682; 2:22-cv-3256; 2:22-cv-3258; 2:22-cv-3416; 2:22-cv-3766; 2:22-cv-3767; 2:22-cv-3768; 2:22-cv-3769; 2:22-cv-3770; 2:22-cv-3771; 2:22-cv-3772; 2:22-cv-3773; 2:22-cv-3774; 2:22-cv-3776; 2:22-cv-3778; : 2:22-cv-3782; 2:22-cv-3784; 2:22-cv-3786; : 2:22-cv-3787; 2:22-cv-3788; 2:22-cv-3797; 2:22-cv-3798; 2:22-cv-3799; 2:22-cv-3811; : 2:22-cv-3837; 2:22-cv-3839; 2:22-cv-3842; : 2:22-cv-3844; 2:22-cv-3845; 2:22-cv-3846; and

<u>Cases outside of the *In re* grouping</u>: *T.E.* 2:2022-cv-03185, *B.D.G.* 2:2022-cv-3202, *T.P.* 2:2021-cv-4933, *A.W.* 2:2021-cv-4934, *A.R.* 2:2021-cv-4935, *S.R.* 2:2023-cv-1731

## <u>PLAINTIFFS' MOTION TO STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION *INSTANTER*</u>

Plaintiffs in the above-referenced cases, by and through counsel, respectfully move this Court to **STAY** all proceedings in these actions pending decision by the Judicial Panel on Multidistrict Litigation ("Panel") on the Motion for Transfer of this Court pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings. *In re: Hotel Industry Sex Trafficking Litigation II*, MDL No. 24-4. Pursuant to this Court's Local Rules, Plaintiffs' counsel asked Defendants if they opposed this Motion to Stay. Plaintiffs did not provide much time, asking Defendants to respond today and none so responded. Thus, Plaintiffs respectfully requests **EXPEDITED BRIEFING** on the portion of this Motion directed at a stay.

Plaintiffs and Defendants in *T.P., A.R.*, and *A.W.* all had previously agreed to move jointly for an extension of deadlines, which require dispositive motions due January 12, 2024. However, given this Court's December 6, 2023, Order, Plaintiff filed their Motion for Reconsideration with

the JPML on Tuesday, January 9, 2024. Now pending a decision by the Panel, Plaintiff believes it is in the best interest of **all** Plaintiff's to move for a stay at this time. Thus, Plaintiffs' counsel respectfully requests that this Court **GRANT *INSTANTER* THE EXTENSION OF TIME** in *T.P., A.R.*, and *A.W.* pending resolution of Plaintiff's Motion to Stay, or in any event for the amount of time requested by Defendants.

### A. Joint Request for an Extension of the Deadlines in *T.P., A.R.*, and *A.W.*

Plaintiffs and Defendants in *T.P.* 2:2021-cv-4933, *A.W.* 2:2021-cv-4934, *A.R.* 2:2021-cv-4935 had agreed to move for an extension. However, before the Parties came to a conclusion, Plaintiffs filed their motion before the Panel. Thus, Plaintiffs move for an extension pending this Court's resolution of the Plaintiff's Motion to Stay.

### B. Plaintiffs Motion for Stay

Plaintiffs request a stay of all proceedings in this case pending resolution of the transfer and consolidation motion by the MDL Panel. Rule 1.5 of the Panel Rules of Procedure provides:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction.

Rule 1.5 has been interpreted to mean that, although a stay is not automatic, the putative transferor court retains the discretion to grant a stay in the interest of judicial economy. *See Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1231 (D. Hi. 2007). Courts routinely issue stay orders while motions to transfer are pending before the MDL Panel. *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ("[I]t appears that a majority of courts have concluded that it is often appropriate to

stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

As a general rule, courts analyze three factors when determining whether to stay proceedings pending the MDL Panel decision: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation. *Id.* at 1360.

### 1. A stay will not prejudice Defendants.

A temporary stay would not prejudice Defendants, because any delay resulting from a stay would be minimum. The JPML will likely make a final transfer decision after its next available hearing. The Panel will likely issue a decision in early spring of this year. There will merely be a few months pause in the current pretrial proceedings.

### 2. Denial of a stay would cause significant hardship to Plaintiffs.

Plaintiffs in this case are movants before the Panel pursuant to this Court's Order on December 6, 2023. Plaintiffs are involved in over 50 lawsuits, and the central goal of the MDL is to is to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions. *Nat'l Prescription Opiate Litig.,* 290 F. Supp. 3d at 1379. It would be inequitable for them to be forced to litigate on both fronts. Plaintiffs believe strongly that these related cases will be centralized before this Court and merely seek a few months stay to focus on the centralization process.

### 3. A stay would promote judicial economy and strike the appropriate balance of hardships.

A stay would conserve judicial resources, avoid duplicative litigation, and prevent the potential of inconsistent rulings. The most important factor is judicial economy. Here, this Court

3

has expended enormous judicial resources attempting to coordinate these related cases without the procedural mechanisms available when the cases are an MDL. Within a few months, all parties will know whether to attempt to coordinate these related actions or whether to move forward as an MDL. Continued litigation until that time would be an unnecessary use of this Court's limited resources.

### C. Conclusion

Based on the foregoing, Plaintiffs respectfully move this Court to **STAY** all proceedings in these actions pending decision by the Judicial Panel on Multidistrict Litigation on the Motion for Transfer pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings. Plaintiffs request **EXPEDITED BRIEFING** on this issue. Furthermore, Plaintiffs' counsel respectfully requests that this Court **GRANT** an **EXTENSION OF TIME** in *T.P., A.R.*, and *A.W.* pending resolution of Plaintiff's Motion to Stay.

Dated: January 11, 2024

Respectfully submitted,

*/s/ Steven C. Babin, Jr*
Steven C. Babin, Jr.
steven.babin@babinlaws.com
BABIN LAW, LLC
65 East State Street, Ste. 1300
Columbus, OH 43215
**T:** 614-761-8800
**D:** 614-372-6404
**F:** 614-372-6404
**C:** 614-747-6184
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

*/s/ Steven C. Babin, Jr.*
Steven C. Babin, Jr.
