IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

G.M.,

    **Plaintiff,**

    v.

RED ROOF INNS, INC., *et al.*,

    **Defendants.**

Civil Action 2:22-cv-3788
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. (Mot., ECF No. 152.) For the following reasons, the Motion is **GRANTED**.

### I. BACKGROUND

On October 24, 2022, Plaintiff filed this action under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), and 18 U.S.C. § 2255, Child Abuse Victims' Rights Act. Plaintiff alleges that she was trafficked for sex at hotels owned by Defendants in Indiana from August to October 2016. (ECF No. 1, at ¶¶ 21–31, 38, 46–57, 51, 168–81.) The Court stayed this case from January 27, 2023, to April 25, 2023, to address the issue of venue in this and 33 other related cases. (ECF Nos. 7, 17.) On May 2, 2024, Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC filed a Third-Party Complaint against one of its franchisees. (ECF No. 95.) On May 30, 2024, Plaintiff filed a motion to strike several claims in the Third-Party Complaint. (ECF No. 109.) Due to a variety of factors, including applications to the Multidistrict Litigation Panel, inappropriate motion practice, and various delays, the Court could not set a case schedule until August 26, 2024. (ECF Nos. 108, 117.) The

case schedule did not include a deadline to amend pleadings. On January 2, 2025, the Court granted in part and denied in part Plaintiff's motion to strike. (ECF No. 123.)

On August 20, 2025, Plaintiff moved for leave to file her First Amended Complaint to add certain franchisees of the properties at which she alleges her trafficking occurred. (Mot. at PageID 1670.) Defendant Choice filed a Response. (Resp., ECF No. 153.) Defendants Wyndham Hotels & Resorts, Inc.; Red Roof Inns, Inc.; and Red Roof Franchising, LLC do not oppose Plaintiff's Motion. (Mot. at PageID 1670.) Plaintiff filed a Reply. (Reply, ECF No. 156.) This matter is ripe for judicial review.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15(a), the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

2

### III. ANALYSIS

The Court finds that Plaintiff's proposed amendment is proper pursuant to Rule 15(a)(2). Plaintiff contends that under Rule 15(a)(2), her request is made in good faith, without dilatory motive, is not futile, and will not cause considerable delay in resolving this case. (Mot. at PageID 1674.)  Plaintiff further argues that Defendant Choice "will not be required to expend significant additional resources to conduct discovery and prepare for trial." (*Id.*)  Plaintiff notes that she and the other Defendants are working to prevent any delay. (*Id.*)  For example, they have agreed to not postpone Plaintiff's deposition and "either allow the franchisees to participate or to permit a second shorter deposition for the franchisees." (*Id.*)

Defendant Choice counters that the Court should apply Rule 16(b) because "the Motion is actually a motion to modify the Scheduling Order," find that Plaintiff does not demonstrate good cause, or in the alternative, deny Plaintiff's Motion under Rule 15(a)(2). (Resp. at PageID 1728, 1740.)  Defendant Choice argues that Rule 16(b)(4) applies because if the Court grants Plaintiff's Motion, "it will require substantial modification of the Scheduling Order in this case— and potentially also the scheduling orders in thirty-four other cases." (*Id.* at PageID 1729.)  In support, Defendant Choice cites to two United States District Court for the Eastern District of Virginia cases. (*Id.* at PageID 1731.)  Defendant Choice contends that Plaintiff fails to demonstrate good cause. (*Id.* at PageID 1732–40.)

Finally, Defendant Choice asserts that Plaintiff does not meet the standard to amend under Rule 15(a)(2). (*Id.* at PageID 1740–44.)  Defendant Choice argues that Plaintiff unduly delayed in seeking her amendment, her delay suggests bad faith and dilatory motive, Defendant Choice would be prejudiced by the amendment, and her amendment is futile. (*Id.*)  Plaintiff replies that Rule 16(b) does not apply, the amendment will not delay the trial, and the amendment is not futile. (Reply, at PageID 1786–88.)

As an initial matter, Defendant Choice's argument that Rule 16(b) should apply is unpersuasive. Defendant Choice does not rely on any binding authority to support its proposition that Rule 16(b) should apply even though there is no deadline to amend pleadings, and the Court finds none. The Court will only evaluate Plaintiff's request pursuant to Rule 15(a).[1]

Defendant Choice first argues that the undue delay factor weighs against granting Plaintiff's Motion. (Resp. at PageID 1741–42.) Defendant Choice asserts that Plaintiff waited nearly three years to move to add the franchisees and provides no explanation of this delay. (*Id.* at PageID 1742.) Plaintiff does not explicitly address this argument. At best, it appears that the briefing on Plaintiff's Motion to Strike certain third-party claims against a franchisee caused part of her delay. (Mot. at PageID 1671–72.) Plaintiff, however, provides no explanation as to why she waited nearly eight months after the Court's decision on her Motion to Strike to file the Motion at issue. The Court concludes this factor weighs slightly against granting Plaintiff's Motion.

Defendant Choice next argues that the bad faith/dilatory motive, prejudice, and futility factors weigh against granting leave to amend. (Resp. at PageID 1742–44.) First, Defendant Choice argues that Plaintiff's delay suggests bad faith and dilatory motive because "Plaintiff's decision to wait until the eleventh hour to seek amendment is a clear attempt to avoid permitting this Court to properly evaluate venue with all parties present." (*Id.* at PageID 1742.) Second, Defendant Choice asserts that it will be prejudiced because the parties will likely file motions to dismiss, further delaying the case, and the "proposed amended complaint includes factually

---

[1] The Court notes that within this argument, Defendant Choice does correctly identify that Plaintiff repeatedly chose to not involve the franchisees in this case for approximately three years.

4

incorrect statements." (*Id.* at PageID 1743–44.)  Third, Defendant Choice contends that the proposed amendment is futile because it will be subject to motions to dismiss or transfer venue. (*Id.*. at PageID 1744.)  In reply, Plaintiff argues that she has added franchisees in related cases without issue during the briefing of this Motion, any delay caused by this amendment would be minor, and the amendment is not futile because any motion to transfer venue would be denied. (Reply, at PageID 1787–88.)

In light of Rule 15's mandate—to freely give leave when justice so requires—and this Court's repeated wholistic consideration of the TVPRA cases, the Court grants Plaintiff's Motion.  There are more than 80 TVPRA cases pending in this Court, and approximately half of them include franchisees as defendants and/or third-party defendants, brought in by both plaintiffs and defendants over the past several years.  Further, this Court has held that "it is in the interest of fairness and judicial integrity to allow these cases to proceed to the merits in a district well-versed in the controlling law and that has a strong interest in enforcing the TVPRA under the beneficiary theory." *In re Hotel TVPRA Litig.*, No. 2:22-CV-1924, 2023 WL 3075851, at *21 (S.D. Ohio Apr. 25, 2023).  Although in the context of a venue matter, the Court finds this reasoning to be relevant here.  Accordingly, the Court finds that it is in the interests of justice to allow Plaintiff to amend her Complaint to join various franchisees.

Further, Defendant Choice's bad faith/dilatory motive, prejudice, and futility arguments do not outweigh the interests of justice.  First, the Court is not persuaded that on this record, Plaintiff's delay equates to bad faith or a dilatory motive.  Second, the Court finds that Defendant Choice will likely be only minimally prejudiced by any potential delay, given Plaintiff's and other Defendants' efforts to minimize further delay.  Defendant Choice's contention that the

proposed amended complaint contains factually incorrect assertions is essentially a futility argument, which the Court will address next.

Third, the Court is not persuaded that denying leave to amend on purported futility is appropriate here. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See, e.g., Lauren v. PNC Bank, N.A.*, No. 2:14–cv–0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) (recognizing the "conceptual difficulty presented"), and 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . ."). In the same vein, prohibiting an amendment based on an opposing party contention that it includes factually incorrect assertions would be an indirect ruling on the merits. In light of this procedural impediment, the Court concludes that Defendant Choice's futility arguments do not weigh against granting Plaintiff's Motion.

In sum, in the context of the TVPRA cases in front of it, the Court finds that Plaintiff's delay in seeking amendment and the minimal prejudice to Defendant Choice does not outweigh the interests of justice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint is **GRANTED**. (ECF No. 152.)  The Clerk is **DIRECTED** to detach and file ECF No. 152-1.

**IT IS SO ORDERED.**

Date: November 10, 2025                    /s/ *Elizabeth A. Preston Deavers*
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**