**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **G.M.,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:22-cv-03788** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **Choice Hotels Int'l, Inc.,** *et. al.*, | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter comes before this Court on Third-Party Defendant Shivaya, LLC's Renewed Motion to Dismiss or Transfer Venue (ECF No. 145).  For the reasons set forth below, Shivaya's Motion is **DENIED**, but **without prejudice** and with leave to file a renewed Motion.

Plaintiff G.M. is a resident of Indianapolis, Indiana.  She alleges that she was kidnapped by traffickers when she was 15 years old and was the victim of sex trafficking at numerous hotels in Indianapolis—including a franchised Red Roof Inn.  (Am. Compl., ECF No. 160 ¶¶ 22–23, 39, 53, 58).  In October 2022, she sued a group of corporate hotel defendants, including Red Roof Inns, Inc. and Red Roof Franchising, LLC, under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a), alleging that these hotel defendants knowingly benefitted from participating in a venture that they knew or should have known was violating 18 U.S.C. § 1591(a).  *G.M. v. Choice Hotels Int'l, Inc.*, 2025 WL 18760, at *1 (S.D. Ohio Jan. 2, 2025) (Marbley, J.) (ECF No. 123).  In May 2024, Red Roof Inns, Inc. and Red Roof Franchising, LLC filed a Third-Party Complaint (ECF No. 95) against Shivaya, a Red Roof Inns franchisee, seeking indemnification under the operative franchise agreement.  *Id.* at *2.

1

Shivaya first moved to transfer venue on February 26, 2025.  (*See* ECF Nos. 134; 135).  In June 2025, the Court denied Shivaya's Motion to Transfer, noting that Shivaya had "fail[ed] to provide any meaningful analysis" on the issue.  (ECF No. 144 at 1) (Deavers, M.J.).  Shivaya received two weeks to file a renewed motion; it timely did so, and the corporate Red Roof defendants opposed.[1]  Shivaya's Renewed Motion argues that this Court lacks personal jurisdiction over it, and that the Southern District of Indiana would be the appropriate venue for the claims asserted against it by the corporate Red Roof defendants.  (ECF No. 145 at 9, 13).

But Shivaya's Motion is now stale.  Shivaya's argument was premised, at least in part, on the fact that its involvement in the case was based on a franchisor-franchisee dispute with the corporate Red Roof defendants—a dispute governed by franchise agreement that had an Indiana forum selection clause.  (*Id.* at 4).  Shivaya also argued that this Court lacked personal jurisdiction over it, noting:

> Plaintiff, G.M., has chosen a proper venue as to her claims against the [corporate Red Roof defendants].  Plaintiff, G.M., filed this action concerning events which took place when she was a minor.  Furthermore, the [corporate Red Roof defendants] are incorporated and conduct business in the Southern District of Ohio.  Based on these two conclusions, Plaintiff's suit should not be transferred to the Southern District of Indiana.  However, Plaintiff maintains no claims against Shivaya.

(*Id.* at 14) (citation omitted).  After Shivaya filed this Renewed Motion, Plaintiff G.M. filed an Amended Complaint and named Shivaya as a defendant.  (Am. Compl. ¶¶ 2, 39, 58).

The procedural posture has changed for Shivaya, who is now no longer just a third-party defendant.  Thus, Shivaya's Renewed Motion (ECF No. 145) is **DENIED without prejudice**.  Shivaya **MAY** file a second renewed motion within thirty days of the date of this Order.  Any party **MAY** respond in opposition within twenty-one days after service of a second renewed motion, and

---

[1] Plaintiff G.M. also sought Court permission to refile its prior opposition.  (*See* ECF No. 148).

Shivaya **MAY** reply fourteen days thereafter.  *See* S.D. Ohio Civ. R. 7.2(a)(2).  All memoranda **SHALL** address jurisdiction and venue considerations in light of Shivaya's status as a third-party defendant, but also its new status as a defendant in this action.

Plaintiff's Motion (ECF No. 148) requesting consideration of her opposition to Shivaya's first Motion to Transfer Venue is **DENIED as moot**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 25, 2026**