**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**G.M.,**

**Plaintiff,**

**v.**

**CHOICE HOTELS INTERNATIONAL, INC., *et al.*,**

**Defendants.**

**Case No. 2:22-cv-3788**
**District Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

**OPINION AND ORDER**

Last Friday, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Doc. 301). She wants to add Westloop Hotels, LLC, one of Defendant Wyndham Hotel & Resorts, Inc.'s ("Wyndham") franchisees, to the case. The parties asked for emergency attention, however, because Plaintiff's deposition has been noticed for this week. Because there was no time for formal briefing, the Court ordered the parties to file a Joint Status Report. The parties complied and have provided their positions on the Motion and specifically on whether Plaintiff's deposition should be rescheduled if the Court grants the Motion. (Doc. 303). For the following reasons, the Court **DENIES without prejudice** Plaintiff's Motion for Leave to File a Second Amended Complaint and **ORDERS** Plaintiff's deposition to proceed as noticed.

## I. BACKGROUND

To begin, the Court summarizes the chronology of this case. It has been pending for nearly four years, and the discovery deadline is fast approaching. (Doc. 1, Doc. 289). What's more, Plaintiff previously sought leave to amend to add franchisees, including in August 2025. (Doc. 152). One of those franchisees, Jameson Inn, Inc., purportedly operated the 3909 Payne Property—the property Plaintiff now claims Westloop Hotels, LLC operates. (*Id.*). Back then,

the Court granted leave but found that the undue delay factor weighed against Plaintiff because she provided no explanation of her delay. (Doc. 159). Several months later, Plaintiff moved to sever and dismiss Jameson Inn, Inc. (Doc. 215). Now, Plaintiff asks to add yet another franchisee defendant. (Doc. 301). Though no Defendant outright opposes the amendment, many have reservations about how the amendment might impact the case's progression. (*See generally* Docs. 301, 303). Notably, it has been exceedingly difficult to schedule Plaintiff's deposition, and Defendants do not want to abandon the agreed upon dates for her deposition this week. The Court considers Plaintiff's Motion against this backdrop and applies the applicable Federal Rules of Civil Procedure.

## II. STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the court may consider various factors, such as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Additionally, amendment of a case schedule requires compliance with Rule 16. *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) ("Once a . . . deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b).") (citing *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003)). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting

to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). The Court must also consider "the potential prejudice to the nonmovant." *Leary*, 349 F.3d at 909.

## III. DISCUSSION

As noted above, nearly six months after dismissing one of Defendant Wyndham's franchisees, Plaintiff seeks leave to add another one, Westloop Hotels, LLC. (Doc. 301). Before turning to the substance of Plaintiff's Motion, the Court notes that since November 2025, Plaintiff's counsel has brought several motions for leave to add parties in TVPRA cases and has been on notice of the Court's expectations regarding such motions. *See, e.g.*, *K.F. v. Choice Hotels International, Inc.*, Case No. 2:22-cv-03839, Doc. 133 at 3 (July 1, 2026) (finding unexplained delay weighed against amendment and construing motion for leave to amend to include a request under Rule 16 to extend case deadlines because "an amendment at this stage will impact progression of the case").

Yet here, Plaintiff falls far short of justifying her latest amendment request under either Rule 15 or Rule 16. Beginning with Rule 15, Plaintiff claims that she "discovered the proper franchisee for 3909 Payne Branch Road, Indianapolis, IN 46268 during the relevant time period is Westloop Hotels, LLC" and "the timing of this request is due to the nascent nature of the law as it is developing under the TVPRA." (Doc. 301 at 2, 5–6). She makes no attempt to describe why she discovered this information so late or how the "nascent nature of the law" justifies her delay. If Plaintiff wants the Court to consider her reasons underlying the delay, she must fully explain why her request is so tardy. *See Mathews v. Novartis Pharms. Corp.*, 953 F. Supp. 2d 811, 814 (S.D. Ohio 2013) (finding undue delay where plaintiff provided no explanation for long delay).

What's more, the prejudice this amendment would cause is substantial. Adding Westloop Hotels, LLC would delay resolution of this case. Most urgently, the parties would have to either

delay Plaintiff's deposition or seek leave to reopen it and move to extend the case schedule. In other words, "[t]o add new claims and new defendants at this point would . . . clearly and unjustly postpone resolution of this saga." *Dubuc v. Green Oak Twp.*, 117 F. Supp. 2d 610, 621 (E.D. Mich. 2000), *aff'd*, 312 F.3d 736 (6th Cir. 2002) (finding proposed amendment prejudicial where new defendants would need to "familiarize themselves with the nine-years long record in this case just to formulate an appropriate discovery strategy; Plaintiff would be entitled to discovery from them; and the existing Defendants would have to attend to all of that discovery as well, to protect their own interests").

Second, Plaintiff's bare-bones Rule 16's argument disregards this Court's express holding that Rule 16 is implicated when an amendment would throw off other deadlines. Plaintiff relies on this Court's decision in *K.F* to argue Defendants will not suffer prejudice and baldly claim that adding a new party will not significantly affect the scheduling order. (Doc. 301 at 7). *K.F.* is procedurally and factually distinct. For example, that case has fewer defendants; the plaintiff and franchisor of the party to be added completed limited formal discovery; and the plaintiff's deposition was not impending. *K.F.*, Doc. 133 at 4; Doc. 110. Here, and as noted above, Plaintiff's deposition and the discovery deadline are imminent, and Plaintiff and Wyndham, the franchisor, have completed significant discovery. (*See, e.g.*, Doc. 282).

In sum, this eleventh hour request is not well-taken. Plaintiff's counsel has been cautioned that "future delays in seeking leave to amend to add franchisees in this case or similar cases without sufficient justification and without extenuating circumstances will likely result in the Court denying any such motion." *K.F.*, Doc. 133 at 6–7. Without proper justification under Rules 15 and 16, the Motion fails. Still, the denial is without prejudice. If Plaintiff files a motion for leave to amend and offers sufficient reasoning, the Court will consider it.

Turning to the issue of Plaintiff's deposition, the parties are **ORDERED** to proceed as scheduled on August 20 and 21. The Court **LIFTS** the stay on discovery for Plaintiff and Defendant Wyndham on those days so that Wyndham may participate in the deposition, if it so chooses. If Defendant Wyndham declines to participate because of its upcoming mediation, the Court will consider a motion to reopen Plaintiff's deposition.

A final note. The Court acknowledges concerns about the costs associated with reopening Plaintiff's deposition. If the Court permits such a course, it will consider methods to reduce costs and potentially shift fees.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 301) is **DENIED without prejudice**. Plaintiff's deposition must proceed as scheduled.

IT IS SO ORDERED.

Date: August 18, 2026

*s/Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE